```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                          :
ANNA MASTROLILLO,                         :
                                          :
      Plaintiff,                          :
                                          :
V.                                        :   CASE NO. 3:04-CV-464 (RNC)
                                          :
STATE OF CONNECTICUT,                     :
NORWALK COMMUNITY COLLEGE,                :
                                          :
      Defendant.                          :
                                          :
```

RULING AND ORDER

Plaintiff, a former assistant professor at Norwalk Community College ("NCC") brings this action pro se claiming that her teaching contract was not renewed because of "mental disability and sex discrimination issues." (Compl. at 1.) Plaintiff previously filed a discrimination complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), which investigated and found no reasonable cause to believe that any discrimination occurred. Defendant has moved to dismiss this action based on sovereign immunity, the Eleventh Amendment, and the court's lack of jurisdiction to review decisions of the CHRO. For the reasons that follow, the motion to dismiss is granted but plaintiff is given leave to file an amended complaint if she wishes to do so.

I.  Background

Plaintiff was employed by NCC to teach computer classes. In the spring of 2002, she was notified that her contract would not be

renewed.  NCC offered two reasons for the nonrenewal: budget cuts and plaintiff's performance, particularly her difficulties with a class entitled "Cisco II."

Plaintiff alleges that her contract was not renewed because she is a woman and was under psychiatric care at the time.  She alleges that she was "reviewed" during her first attempt at teaching Cisco II, but similarly situated male employees were not.  (Compl. at 2.)  She also alleges that NCC cited student drop rates from her class as a reason for her nonrenewal, but took no action against male teachers when students dropped Cisco classes taught by them.  Id.  Finally, she alleges that NCC did not provide her with reasonable accommodations.  Id.

II.  Discussion

A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  If this standard is met, a complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley, 355 U.S. at 45-46.

Courts construe pro se complaints liberally and interpret them to raise the strongest arguments they suggest.  See Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000); Graham v. Henderson, 89 F.3d 75,

79 (2d Cir. 1996); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the allegations makes it reasonably conceivable that the plaintiff has a potentially meritorious claim, the complaint should not be dismissed without giving the plaintiff an opportunity to amend the complaint to try to state such a claim. See Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002).

Liberally construing the allegations of plaintiff's complaint, it is reasonably conceivable that she has grounds for a disparate treatment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), a failure to accommodate claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and a claim for failure to provide family-care leave under the Family And Medical Leave Act of 1993, 29 U.S.C. § 2615(a)(1). If plaintiff does have grounds for one or more of these claims, it is not clear beyond doubt that any such claim would have to be dismissed. See Cates v. Conn. Dep't of Corr., No. 3:98-CV-2232(SRU), 2000 WL 502622, at *6 n.4 (D. Conn. Apr. 13, 2000)(states may be sued under Title VII); Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 111 (2d Cir. 2001)(in some circumstances, state may be sued under the ADA); Nevada Dep't of Human Resources v. Hibbs, 538 U.S. 721, 737 (2003)(state employees can recover damages for state's failure to comply with family-care provision of FMLA).[1] In

---

[1] Any claim under the FMLA based on a denial of medical leave to enable plaintiff to deal with her own illness would be
(continued...)

their present form, however, the allegations of the complaint are insufficient to state a claim for relief under any of these statutes.

Accordingly, the motion to dismiss is hereby granted. If plaintiff believes she can allege facts to support a valid claim under Title VII, the ADA, the FMLA, or any other federal statute, she may file and serve an amended complaint on or before October 24, 2005. As noted earlier, to be sufficient, the allegations must provide fair notice of each of the claims being asserted and the factual basis for each claim. If an amended complaint is filed, defendant may file a new motion to dismiss on any applicable ground, including the state's immunity from suit.

III. Conclusion

Accordingly, the motion to dismiss is hereby granted without prejudice. Plaintiff may file and serve an amended complaint on or before October 24, 2005.

So ordered.

Dated at Hartford, Connecticut this 1st day of October 2005.

>　　　____/s/_____
>　　　　　Robert N. Chatigny
>　　　United States District Judge

---

[1](...continued)
barred by sovereign immunity.  See Hale v. Mann, 219 F.3d 61, 69 (2d Cir. 2000).